

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 50095 | DATE | 6/18/2001 |
| CASE TITLE | Brown vs. General Motors Corp. et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to remand is granted. The clerk of the court is hereby ordered to remand this case to the Circuit Court for Winnebago County.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | JUN 18 2001 date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| X | Copy to judge/magistrate judge. | | |
| /LC | courtroom deputy's initials | 2001 JUN 18 PM 1:55 U.S. DISTRICT COURT CLERK | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 19

# MEMORANDUM OPINION AND ORDER

Plaintiff, Steve Brown, has filed a timely motion to remand this case under 28 U.S.C. § 1447 back to the Circuit Court for Winnebago County, Illinois, from which defendants, General Motors Corp. ("GM") and Morrison Knudsen Corp. (now known as Washington Group International, Inc.) ("Washington"), removed it under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, see id. § 1332.

On May 21, 2001, approximately eight months after Brown first filed his complaint in state court and two months after defendants removed the case to this court, Washington notified the court by letter that it had filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Nevada. As a general rule, this entitles Washington to the protection of an automatic stay under § 362 of the Bankruptcy Code, 11 U.S.C. § 362, of all judicial proceedings against it. See id. § 362(a)(1). But the court does not believe § 362 prevents the court from ruling on Brown's motion to remand and, if necessary, remanding the case back to state court under 28 U.S.C. § 1447. First of all, as GM has not filed a bankruptcy petition, it is doubtful whether it could take advantage of the stay issued in favor of Washington. Second, and more importantly, at least one other court has specifically held that a district court may remand a civil action removed on the basis of diversity jurisdiction when one of the debtor-defendants filed a post-removal bankruptcy petition, regardless of the automatic stay provision. See County of Cook v. Mellon Stuart Co., 812 F. Supp. 793, 798 n.3 (N.D. Ill. 1992); see also Baxter Healthcare Corp. v. Hemex Liquidation Trust, 132 B.R. 863, 867 (N.D. Ill. 1991 (remand proper under 28 U.S.C. § 1452(b) when case improperly removed under bankruptcy removal statute, id. § 1452(a), despite automatic stay under 11 U.S.C. § 362). GM attempts to distinguish Mellon Stuart because it dealt with the citizenship of the parties, whereas Brown's motion is brought on the basis of defendants' failure to file the notice of removal within the thirty day time limit. But this mischaracterizes Brown's motion, which, as described more fully in the following paragraph, is based on defendants' failure to properly establish the amount in controversy. Like Mellon Stuart, the motion to remand in this case calls into question the court's jurisdiction. See Mellon Stuart, 812 F. Supp. at 793 n.3. As such, the court finds the automatic stay does not leave this court helpless to remand an improperly removed action.

Local Rule 81.2 ("LR 81.2") sets out an "express mandate (and roadmap)" for removing a case based on diversity jurisdiction when the plaintiff's complaint in state court does not contain an express *ad damnum* clause seeking in excess of $75,000. Brosnan v. Campagnolo, No. 97 C 8278, 1997 WL 767284, at *1 (N.D. Ill. Dec. 3, 1997) (Shadur, J.). In this case, GM admits its notice of removal does not comply with LR 81.2 as it has not included an interrogatory or admission regarding the amount in controversy. See LR 81.2(a)(2). Instead, GM has deduced Brown is seeking more than $75,000 based on some written discovery indicating the amount of Brown's annual salary and the nature of his injuries. But the purpose of LR 81.2 is to avoid such speculative inferences and guesswork on the part of the court in deciding whether the amount in controversy has been met. See Illinois Cent. R.R. Co. v. Owens, No. 97 C 5331, 1997 WL 441333, at *2 (N.D. Ill. July 31, 1997) (Shadur, J.) (stating that "[i]t may well be that federal subject matter jurisdiction is probable here, but probabilities are not the stuff of which proper removal is constituted"); Sawisch v. Circuit City Stores, Inc., 960 F. Supp. 154 (N.D. Ill. 1997) (Shadur, J.) (due to defendant's failure to comply with LR 81.2 (then Local Rule 3), even a "reasonable probability" that amount in controversy exceeded $75,000 was not enough to establish diversity jurisdiction). Because GM has failed to include a response from Brown to either an interrogatory or request to admit as LR 81.2 requires, the case must be remanded. See Lilly v. Ford Motor Co., No. 00 C 7372, 2001 WL 456406, at *1 (N.D. Ill. Apr. 30, 2001) (Darrah, J.); Smania v. The Paul Revere Life Ins. Co., No. 98 C 3647, 1998 WL 565107, at *3 (N.D. Ill. Aug. 31, 1998) (Kocoras, J.). The court notes, however, that compliance with LR 81.2 would probably make removal proper in the future.

For the reasons stated above, Brown's motion to remand is granted and the clerk of the court is directed to remand this case back to the Circuit Court for Winnebago County, Illinois. Because defendants erred on the side of caution, however, Brown's request for costs and expenses, including attorney's fees, is denied.